BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED
JAN -9 1975
PATRICIA D. HOWARD
CLERK OF THE PANEL

IN RE TRUCK ACCIDENT NEAR ALAMAGORDO,     )
NEW MEXICO, ON JUNE 18, 1969              )     DOCKET NO. 185

OPINION AND ORDER

BEFORE ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, AND STANLEY A. WEIGEL, JUDGES OF THE PANEL

PER CURIAM

On June 18, 1969, a truck pulling a trailer crashed into an embankment near Alamagordo, New Mexico. As a result of the crash, one of the occupants was killed and the other severely injured. The survivor and the wife of the deceased occupant each filed a separate lawsuit in the Western District of Oklahoma in June of 1972 against Freightliner Corporation, the manufacturer of the truck; White Motor Corporation, the seller of the truck; and Strick Corporation, the manufacturer and seller of the trailer. The complaints in both actions are substantially similar and contain allegations that the accident was caused by defects in the fuel and braking systems of the vehicles involved. Plaintiffs charge the defendants with negligence, strict liability and breach of warranty.

Shortly after the commencement of the two actions in Oklahoma, the Oklahoma district court dismissed the claims against defendant Strick on the basis of lack of in personam jurisdiction. The Court of Appeals for the Tenth Circuit affirmed the dismissal in April of 1974. <u>George v. Strick Corporation</u>, 496 F.2d 10 (10th Cir. 1974). Shortly thereafter, plaintiffs instituted two actions identical to the Oklahoma actions against the same three defendants in the Northern District of Texas. Defendants Freightliner and White Motor subsequently moved the Texas court to transfer the claims against them in the actions pending there to the Western District of Oklahoma pursuant to 28 U.S.C. §1404(a).

The two plaintiffs now move the Panel for an order pursuant to 28 U.S.C. §1407 transferring the Texas actions to the Western District of Oklahoma for coordinated or consolidated pretrial proceedings with the actions pending there. Only defendant Strick opposes transfer. We find insufficient basis for transfer under Section 1407 and, accordingly, deny the motion.[1]

---

[1] The parties waived their right to oral argument and, at their request, the question of transfer of these actions under 28 U.S.C. §1407 was submitted on the briefs.

Movants contend that these actions arise from the same accident and that Section 1407 treatment is necessary in order to avoid duplication of discovery. Indeed, we recognize the existence of common, if not identical, questions of fact among these actions. Nevertheless, a mere showing that common questions of fact exist amongst the actions for which Section 1407 treatment is proposed is not sufficient, in and of itself, to warrant transfer by the Panel. The other criteria of the statute must also be satisfied. And we are not persuaded that with respect to this particular litigation the overall convenience of the parties and witnesses and the just and efficient conduct of the litigation will be enhanced by a Section 1407 transfer.

The claims asserted in the Oklahoma actions are currently completely subsumed in the Texas actions and will remain so if the Texas court denies the Section 1404(a) motion. If that motion is denied, any possibility of duplicative discovery can easily be avoided through cooperative efforts among the common parties in the Oklahoma and Texas actions or by these parties requesting a stay of the Oklahoma actions and proceeding with the Texas actions. If the Texas court grants the Section 1404(a) motion, Strick will be the only defendant in the Texas actions and Freightliner and White Motor will continue to be the only defendants in the Oklahoma actions.

- 4 -

Even in this circumstance, however, plaintiffs can avoid any duplication of discovery concerning the common issues by coordinating their efforts in the two jurisdictions; for example, plaintiffs could file notices for a particular deposition in both the Oklahoma and Texas district courts, thereby making the deposition applicable in each jurisdiction. Plaintiffs could also seek a stipulation that all discovery may be used in all actions. Thus, we believe that suitable alternatives to a Section 1407 transfer are available to the parties in this litigation.

Furthermore, in light of the history of this litigation we suspect that plaintiffs' dominant reason for seeking transfer of the Texas actions under Section 1407 is to accomplish, at least for pretrial purposes, what is not otherwise possible in the Oklahoma federal courts because of lack of in personam jurisdiction over defendant Strick. Although the propriety of in personam jurisdiction in a proposed transferee district is not a criterion in considering transfer of actions to that district under Section 1407, it appears that in this particular litigation plaintiffs' ulterior motive for seeking transfer amounts to an attempted misuse of the statute. See In re "East of the Rockies" Concrete Pipe Antitrust Cases, 302 F. Supp. 244, 255-256 (J.P.M.L. 1969) (Weigel, J., concurring).

IT IS THEREFORE ORDERED that the motion pursuant to 28 U.S.C. §1407 to transfer the actions listed on the attached Schedule A be, and the same hereby is, DENIED.

| | |
|---|---|
| **SCHEDULE A** | **DOCKET NO. 185** |

### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| George v. Strick Corporation, et al. | Civil Action No. CIV-72-409 |
| Synco, et al. v. Strick Corporation, et al. | Civil Action No. CIV-72-408 |

### NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| George v. Strick Corporation, et al. | Civil Action No. CA-3-658-D |
| Synco, et al. v. Strick Corporation, et al. | Civil Action No. CA-3-657-D |